IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | |
|---|---|
| RENA ANDREWS, § | |
|     Plaintiff, § | |
| § | |
| v. § | Civil Action No. 7:18-cv-125-DC |
| § | |
| § | |
| MANUEL VALDEZ, SUPREME § | |
| LENDING, and FEDERAL HOME LOAN § | |
| MORTGAGE CORPORATION, § | |
|     Defendants. § | |

**DEFENDANTS SUPREME LENDING AND FEDERAL HOME LOAN MORTGAGE CORPORATION'S SECOND MOTION FOR FINAL SUMMARY JUDGMENT**

Defendants Federal Home Loan Mortgage, Corporation ("Freddie Mac") and Everett Financial, Inc. d/b/a Supreme Lending ("Supreme Lending" and together with Freddie Mac, "Defendants") file this *Second Motion for Final Summary Judgment and Brief in Support* and move this court to grant summary judgment against Plaintiff on all claims against them. Defendants respectfully show the Court as follows:

**I. SUMMARY**

1. Plaintiff Rena Andrews ("Plaintiff" or "Borrower") is a borrower on a Note that was secured by her residence located at 14103 W. County Road 122, Odessa, TX 79765 (the "Property") through a certain Deed of Trust. Due to the Plaintiff's default under the Note, a foreclosure sale was held on February 6, 2018 at which time Defendant Manuel Valdez ("Valdez") submitted the highest and best bid for the Property. The appointed Substitute Trustee delivered a Foreclosure Sale Deed to Valdez on or about February 20, 2018. In her Amended Complaint and Withdrawal of Notice of Nonsuit ("Complaint") [ECF No. 23], Plaintiff generally alleges that she never received a notice of default and notice of foreclosure as required by Deed

of Trust and the Texas Property Code. (*Pl's Amd. Complaint* at p.5.) Plaintiff seeks the declaratory relief of setting aside the foreclosure sale. Plaintiff's claims fail as a matter of law. First, Plaintiff's claim that Supreme Lending did not mail a notice of default is unfounded and the Defendants' summary judgment evidence shows that a notice of default was mailed. Second, her claim that she did not receive proper notice of the foreclosure sale fails because there is no requirement under Texas law that foreclosure notices be received and the evidence shows that Supreme Lending complied with the Texas Property Code by providing proper notice to Plaintiff. The Defendants' evidence showing proper notice is fatal to Plaintiff's claims. Finally, Plaintiff is not entitled to injunctive relief because her Amend Petition is devoid of a valid claim. There are no genuine issues of material fact and therefore Defendants are entitled to summary judgment in their favor.

## II. EVIDENCE

Where appropriate, Defendants rely upon the following evidence, true and correct copies of which are attached hereto and incorporated herein by reference for all purposes:

Exhibit A.   Affidavit of David Wysor;

　A-1.   Note dated February 29, 2016;

　A-2.   Deed of Trust dated February 29, 2016;

　A-3.   Notice of Default and Intent to Accelerate dated October 6, 2017;

　A-4.   Notice of Acceleration of Loan Maturity dated December 1, 2017;

　A-5.   Notice of Foreclosure Sale dated January 10, 2018; and

　A-6.   Recorded Foreclosure Sale Deed dated February 20, 2018.

Defendants also rely on the pleadings on file in this cause where specifically referenced herein.

### III. UNDISPUTED FACTS

2. On February 29, 2016, Borrower executed a *Note* (the "Note") for $65,000.00 payable to Everett Financial, Inc. d/b/a Supreme Lending ("Supreme Lending"). (Exhibits A, A-1.) Concurrently with Borrower's execution of the Note, Borrower executed a *Deed of Trust* (the "Deed of Trust") securing the repayment of the Note with the real property commonly known as 14103 W. County Road 122, Odessa, TX 79765 (the "Property"). (Exhibits A, A-2.) (The Note and Deed of Trust shall collectively be referred to as the "Loan.") In the Deed of Trust, Supreme Lending was identified as the Lender. (*Id.*) Mortgage Electronic Registration Systems, Inc. (solely as nominee for Lender and Lender's successors and assigns) ("MERS") was named the beneficiary of the Deed of Trust. (*Id.*) At all times relevant hereto, Supreme Lending was acting as the servicer for the loan, which was owned by Federal National Mortgage Association. (Exhibit A ¶4).

3. Borrower did not tender all payments on the Note when due. (Exhibit A; *see also Pl's Amd. Complaint*, p.3, ¶13.)

4. Supreme Lending through its counsel, Mackie Wolf Zientz & Mann, P.C., on or about October 6, 2017 sent to Borrower, via United States certified and regular mail to 14103 W. County Road 122, Odessa, TX 79765, Notices of Default with Intent to Accelerate ("Notice of Default"). (Exhibits A, A-3.) In the Notices of Default, Borrower was advised that the Loan was in default and that she needed to tender $2,349.46 within 30 days to become current on the loan. (*Id.*) Borrower was also informed in the Notice of Default that her failure to timely bring the loan current would result in an acceleration of the debt. (*Id.*) No payments were made to cure the default or reinstate the loan after October 6, 2017. (Exhibit A.)

5. On December 1, 2017, Supreme Lending through its counsel, Mackie Wolf Zientz & Mann, P.C., sent via United States certified and regular mail to Borrower at 14103 W. County Road 122, Odessa, TX 79765, Notice of Acceleration indicating that Loan had been accelerated. (Exhibits A, A-4.) No payments were made to Supreme Lending to cure the default or reinstate the loan after December 1, 2017. (Exhibit A.)

6. On January 10, 2018, Supreme Lending through its counsel, Mackie Wolf Zientz & Mann, P.C., sent via United States certified and regular mail to Borrower at 14103 W. County Road 122, Odessa, TX 79765, Notice of Foreclosure Sale indicating that the Property would be sold to the highest cash bidder. (Exhibits A, A-5.) The Notice indicated the date, time and place of the scheduled sale. (*Id.*) No payments were made to Supreme Lending to cure the default or reinstate the loan prior to February 6, 2018, the scheduled date of the foreclosure sale. (Exhibit A.)

7. At the scheduled date, time and place, Defendant Manuel Valdez ("Valdez") submitted the highest cash bid for the Property. (Exhibit A.) On February 20, 2018, the duly appointed Substitute Trustee executed a Foreclosure Sale Deed that conveyed the Property to Valdez. (Exhibits A, A-6.) The Foreclosure Sale Deed was recorded in the Real Property Records of Midland County, Texas on February 23, 2018 as Document No. 2018-4930. (*Id.*)

## IV. GROUNDS FOR SUMMARY JUDGMENT

A. Plaintiff's claim that Supreme Lending did not mail a Notice of Default is conclusively disproven by the summary-judgment evidence.

B. Supreme Lending complied with the Texas Property Code by providing proper foreclosure notices to Plaintiff.

C. Plaintiff's allegations regarding an inadequate sale price are without merit because there was proper notice

D. Plaintiff is not entitled to injunctive relief because she does not have a valid

underlying claim.

## A. V. SUMMARY JUDGMENT STANDARDS

8. Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "[i]f the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The Supreme Court has further held that the moving party may discharge its summary judgment burden of proof by showing that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986). If the non-moving party bears the burden of proof at trial, the moving party need only point to the absence of any fact issue in the record, and the evidentiary burden then shifts to the non-moving party to show with "significant probative" evidence that there exists a triable issue of fact. *Celotex,* 477 U.S. at 322; *see also Stahl v. Novartis Pharms. Corp.,* 283 F.3d 254, 263 (5th Cir. 2002) ("The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that that record contains no support for the non-moving party's claim."). If the moving party meets its burden, the burden shifts to the non-moving party to establish the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 585-87 (1986).

9. The non-moving party must do more than show that there is some metaphysical doubt as to the material facts. *Matsushita,* 475 U.S. at 586; *see also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (non-movant cannot defeat a motion for summary judgment with "conclusory allegations," "unsubstantiated assertions," or a mere "scintilla" of evidence). On summary judgment, the district court must view the evidence and the inferences in the light most favorable to the non-movant. *FDIC v. Dawson*, 4 F.3d 1303, 1306 (5th Cir. 1993).

## VI. ARGUMENT AND AUTHORITIES

### A. Supreme Lending complied with the Texas Property Code by providing proper notices of default to Plaintiff.

10. Borrower alleges that Defendants did not cause to be delivered a notice of default. (*Pl's Amd. Complaint, p.5*) The summary judgment evidence, however, shows that a Notice of Default was mailed via regular and certified mail on October 6, 2017. (Exhibits A, A-3.) Therefore, there is no genuine issue of material fact regarding this claim.

11. In Texas, before a foreclosure sale can be executed, the note holder must give the debtor "written notice . . . stating that the debtor is in default . . . and giving the debtor at least 20 days to cure the default before notice of sale can be given." Tex. Prop. Code § 51.002(d). Service by certified mail is complete "when the notice is deposited in the United States mail"; receipt of the notice by Borrower is not required. Tex. Prop. Code § 51.002(e); *Lambert v. First Nat'l Bank of Bowie*, 993 S.W.2d 833, 835 (Tex. App.—Fort Worth 1999, pet. denied). "The affidavit of a person knowledgeable of the facts to the effect that service was completed is prima facie evidence of service." *Rodriguez v. U.S. Bank, N.A.*, Civil Action No. SA-12-CV-345-XR, 2013 U.S. Dist. LEXIS 84929, at *28 (W.D. Tex. June 18, 2013) (citing Tex. Prop. Code § 51.002(e)).

12. Supreme Lending through its counsel, Mackie Wolf Zientz & Mann, P.C., on October 6, 2017 sent to Borrower, via United States certified and regular mail to 14103 W. County Road 122, Odessa, TX 79765, Notices of Default with Intent to Accelerate ("Notice of Default"). (Exhibits A, A-3.) In the Notices of Default, Borrower was advised that the Loan was in default and that they needed to tender $2,349.46 within 30 days to become current on the loan. (*Id.*) Borrower was also informed in the Notice of Default that her failure to timely bring the loan current would result in an acceleration of the debt. (*Id.*) Further, the Substitute Trustee declared in the Foreclosure Sale Deed that "[w]ritten notice of default and the opportunity to

cure the default to avoid acceleration of the maturity of the note was served on behalf of the current Mortgagee by certified mail on each debtor….certified mail notices were timely sent by depositing the notices in the Unites States mail, postage prepaid…."  (Exhibits A, A-6.) The Notice of Default gave Borrower (a) notice of default, (b) Supreme Lending's intent to accelerate in thirty (30) days, and (c) the action required to cure the default. (*Id.*)   Supreme Lending's Notice of Default complied with Tex. Prop. Code § 51.002(d).

13.     Summary judgment in favor of mortgagees is proper when they present the notices of default and affidavits attesting that the notices were mailed by certified mail. *See Mata v. Bank of N.Y. Mellon*, No. 5:16-CV-519-DAE, 2017 U.S. Dist. LEXIS 73127, at *8-9 (W.D. Tex. Mar. 31, 2017) (summary judgment granted in favor of defendant who included notices of default and supporting affidavit); *Montalvo v. Bank of Am. Corp.*, 864 F. Supp. 2d 567, 584 (W.D. Tex. 2012) ("With regard to the notice claims, the Magistrate Judge observed that the summary-judgment evidence disproves these claims. Defendants provided Plaintiff with notice of default and the right to cure…."); *see also  Gallow v. Bank of N.Y. Mellon Trust Co. NA*, No. 3:12-CV-217, 2013 U.S. Dist. LEXIS 57065, 2013 WL 1736694, at *1-2 (S.D. Tex. Apr. 22, 2013) (holding that summary judgment was appropriate despite the plaintiff's contention that she did not timely receive notice of default because the defendant established compliance with Texas law by producing copies of the notice of default and affidavit certifying that the notices were sent to the plaintiff).

14.     The Notices of Default and a supporting affidavit that states the notices were mailed via regular and certified mail are included in Defendants' summary-judgment evidence. Accordingly, there is no genuine issue of material fact regarding this claim and summary judgment should be entered in favor of Defendants on this claim.

### B. Supreme Lending complied with the Texas Property Code by providing proper foreclosure notices to Plaintiff.

15. Borrower alleges that the Notice of Foreclosure Sale was not timely provided. (*Pl's Amd. Complaint, p.5, ¶23*). The foreclosure sale was held on February 6, 2018 and the Notice of Foreclosure Sale was mailed on January 10, 2018, which constituted sufficient notice. (Exhibits A, A-5.)

16. Under Texas law, if a power of sale under a security instrument is invoked, notice to Borrower of the time and place of the foreclosure sale must also be provided at least twenty one (21) days prior to the date designated for the sale. TEX. PROP. CODE § 51.002(b); *Ochoa v. U.S. Bank & Nat. Ass'n*, EP-10-CV-00487-KC, 2011 WL 2565366 at *4 (W.D. Tex. June 27, 2011); *Sky/RGS Prop., Ltd. v. First Nat'l Bank & Trust Co. of McAlester*, No. CIV.A.3:96–CV–1313–P, 1996 WL 707014 (N.D. Tex. Dec. 4, 1996) (setting out the elements of wrongful foreclosure); *Ogden v. Gibraltar Savings Association*, 640 S.W.2d 232, 233 (Tex. 1982). Notice of a foreclosure sale requires that notice be given "by certified mail on each debtor who, according to the records of the mortgage servicer of the debt, is obligated to pay the debt." TEX. PROP. CODE § 51.002(b)(3); *Rodarte v. Investeco Group, L.L.C.*, 299 S.W.3d 400, 409 (Tex. App.—Houston [14th Dist.] 2009, no pet.).

17. The purpose of the statute is to provide a minimum level of protection for the debtor, and it provides for only constructive notice of the foreclosure. *Onwuteaka v. Cohen*, 846 S.W.2d 889, 892 (Tex. App.—Houston [1st Dist.] 1993, writ denied); *Hausmann v. Texas Sav. & Loan Ass'n*, 585 S.W.2d 796, 799 (Tex. App.—El Paso 1979, writ ref'd n.r.e.). There is no requirement that the debtor actually receive the notice. *Benitez v. Perales*, 01-00-00211-CV, 2002 WL 1981189 at *4 (Tex. App.—Houston [1st Dist.] Aug. 29, 2002, no pet.) (*citing Martinez v. Beasley*, 616 S.W.2d 689, 690 (Tex. App.—Corpus Christi 1981, no writ)).

18. First, this claim fails because the summary judgment evidence proves that the Notice of Foreclosure Sale was mailed via regular and certified mail on January 10, 2018, which is more than 21 days before the foreclosure sale. (Exhibits A, A-5.) The Notice indicated the date, time and place of the scheduled sale. (*Id*.) Thus, Supreme Lending complied with the notice requirements of Tex. Prop. Code § 51.002.

19. Second, Plaintiff's claim fails because the statute does not have a requirement that a borrower timely ***receive*** the foreclosure notices. *See Harris v. U. S. Bank Nat'l Ass'n*, No. 4:12-cv-00696, 2015 U.S. Dist. LEXIS 23499, *11 (E.D. Tex. Feb. 26, 2015) ("[i]n Texas, there is not a requirement that Plaintiffs receive the notice in order for it to be valid and effective") (citing *Martins v. BAC Home Loans Serv., L.P.*, 722 F.3d. 249, 256 (5th Cir. 2013)).

20. Accordingly, proper notices of the foreclosure sale were given in accordance with the Deed of Trust and the Texas Property Code. Therefore, no justiciable controversy exists and Borrower cannot prevail on her claim for lack of notice. This claim against Defendants fails as a matter of law. *See Ochoa*, 2011 WL 2565366 at *4; *Rodarte*, 299 S.W.3d at 409.

**C. Borrower's allegations regarding an inadequate sale price are without merit because there was proper notice.**

21. Although not specifically stated, Borrower's Complaint appears to allege wrongful foreclosure based partly on a "grossly inadequate price." (*Pl's Amd. Complaint* at p.5, ¶21.) However, as already shown, the foreclosure sale was properly executed because Supreme Lending complied with the notice requirements found in the Deed of Trust and Texas Property Code.

22. Under Texas law, a wrongful foreclosure claim ordinarily requires a showing of (i) "a defect in the foreclosure sale proceedings"; (ii) "a grossly inadequate selling price"; and (iii) "a causal connection between the defect and the grossly inadequate selling price." *Sauceda*

*v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008, no pet.). Here, as shown above, there was no defect in the foreclosure sale proceedings. Borrower, therefore, is not entitled to relief because she is unable to meet all three elements of a wrongful foreclosure claim. *See Pannell v. Wells Fargo Home Mortg.*, No. 4:18-CV-0141, 2018 U.S. Dist. LEXIS 111871, at *4-5 (S.D. Tex. June 14, 2018) (citing *Vinitski v. Fannie Mae*, Civil Action No. H-14-CV-780, 2014 U.S. Dist. LEXIS 200244, 2014 WL 12600163, at *3 (S.D. Tex. Apr. 28, 2014) (a grossly inadequate sale price is insufficient to maintain a claim for wrongful foreclosure; plaintiff must show that an alleged irregularity with the foreclosure sale proceedings caused, or at least contributed to, the grossly inadequate price)). Borrower's claim for wrongful foreclosure should be dismissed with prejudice.

### D.     Borrower is not entitled to injunctive relief.

23.    Borrower's Amended Complaint also seeks injunctive relief. (*Pl's Amd. Complaint* at pp.5-6.) However, since there is no valid underlying claim, injunctive relief is not warranted.

24.    Injunctive relief is an equitable remedy that should be dismissed when no substantive claims have been pleaded. *Kirksey v. America's Servicing Co.*, Case No. H-12-2859 2013 U.S. Dist. LEXIS 109049 at *12 (S.D. Tex. Aug. 2, 2013). "[T]o obtain a preliminary injunction, a plaintiff must demonstrate, among other things, a likelihood of success on the merits of his or her claim." *Howard v. JP Morgan Chase NA,* No. SA-12-CV-00440-DAE, 2013 U.S. Dist. LEXIS 54433 at * 29 (W.D. Tex. Apr. 17, 2013). Further, "[i]n order to set aside the foreclosure sale, however, the mortgagor must tender the amount owed on the mortgage." *Fillion v. David Silvers Co.*, 709 S.W.2d 240, 246 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.)). "Setting aside a trustee sale is an equitable remedy which requires the mortgagor to make

a valid tender of the amount due to receive equity." *Id.* Here, Plaintiff has failed to plead a viable cause of action against Defendants, as set forth in detail above, therefore she is not entitled to the injunctive relief she seeks and her request for the same should be denied. *See Id.*

**WHEREFORE, PREMISES CONSIDERED**, Defendants pray that this Court:

(1) grant summary judgment in Defendants' favor on all Plaintiff's claims;

(2) enter judgment that Plaintiff's claims against Defendants are dismissed with prejudice; and

(2) award costs and such other and further relief to which Defendants may be justly entitled at law or in equity.

Respectfully submitted,

By: */s/ Mark D. Cronenwett*
   **MARK D. CRONENWETT**
   Texas Bar No. 00787303
   mcronenwett@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P. C.**
14160 North Dallas Parkway, Suite 900
Dallas, TX 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686

*Attorneys for Federal Home Loan Mortgage, Corporation and Everett Financial, Inc. d/b/a Supreme Lending*

## CERTIFICATE OF SERVICE

  I hereby certify that a true and correct copy of the foregoing instrument was served via ECF Notification upon the following on September 18, 2018:

Mark T. Davis
1554 Lomaland Dr.
El Paso, TX 79935
*Counsel for Plaintiff*

Lauren Gavin
Benjamin Petty
Lee Stringham
The Stringham Law Firm
6 Desta Dr., Ste. 2590
Midland, TX 79707
*Counsel for Defendant Manuel Valdez*

               */s/ Mark D. Cronenwett*
               **MARK D. CRONENWETT**